JACKSON, *ex dem.* BROTT and others, *against* HUNT.

Where A. by direction of B. entered on land in 1779, which C. claimed as his own; and he wrote a letter to B. who also claimed it, that when the times became more peaceable, he and C. would have it surveyed, and if the land belonged to C. A. should pay him rent, &c. In an action of ejectment, brought by C. it was held, that this letter merely suspended the operation of the statute of limitations during the war; and that there having been more than twenty years adverse possession since 1783, C. could not recover.

THIS was an action of ejectment for land, being part of lot No. 21. in *Hosick* patent. The cause was tried at the *Rensselaer* circuit, in *September,* 1809.

It was admitted, that the title to the premises was in the lessors, and that the plaintiff must recover, unless

those under whom he claimed had done some act by which he was concluded.

The defendant proved, that one *Peter Lantman* entered on the premises, in question in the year 1779, or about that time, as tenant to *Garrit Van Sante*, and that he, and those claiming under him, had been in possession ever since.

An aged witness testified, that about 35 years ago, he was employed by *Garrit Van Sante*, as surveyor, to run out lot No. 21. that *Brott*, one of the lessors, agreed to go with him, but finding he was to traverse every part of the river, he left him ; that after the survey was completed, *Brott* appeared satisfied. During five years afterwards, he often conversed with *Brott* about the line run, which was a division line between *Van Sante* and *Brott*, and the latter never expressed any dissatisfaction.

The plaintiff's counsel produced in evidence the following letter from *Van Sante* to *Brott*, dated *July* 13, 1779.

" *Mr. Daniel Brott,*

" I have understood from *Peter Lantman,* that you think it is your land where he is gone to live, but by the chart of *Hoosick,* and by survey, must say you are mistaken. But, notwithstanding, he must go and live there. And if this sorrowful time is past, that man may live peaceably, then you and I will have it surveyed, and if it is yours, so he may pay you rent, and if part is yours and part mine, then I will sell that part of mine to you, or otherwise buy from you so as may best suit you.

(Signed) GARRIT VAN SANTE."

A verdict was then taken, subject to the opinion of the court.

The only question was, as to the construction of the letter from *Van Sante*.

*Foot*, for the plaintiff, contended, that the letter acknowledged the right of *Brott*, or, at least, suspended the operation of the statute of limitations indefinitely.

*Van Vechten*, contra, insisted, that the letter merely suspended the statute until the war was terminated, in 1783, and that from that time it would begin to run against the lessors.

*Per Curiam.* *Lantman* entered under *Van Sante*, who claimed the land as his own, for he tells *Brott* that he was mistaken in thinking the land to be his, and that *Lantman* must go and live there. The letter of *Van Sante*, if it had any effect, only suspended the operation of the statute of limitations during the war. Before 1783, *Van Sante* claimed and possessed the land as his own; and the statute of limitations had run out before the commencement of this suit. Judgment must be rendered for the defendant.

Judgment for the defendant.