NEW-YORK,
May, 1819.

MACOMB
v.
WILBER.

Judgment reversed.

### MACOMB & BOUCK *against* WILBER.

THIS was an action of covenant, upon articles of agreement, made the 22d of *September*, 1813, between the defendant and a number of other persons, of the first part, and the plaintiffs, of the second part. The agreement recited, that the parties thereto of the first part, severally admitted and acknowledged, that the parties of the second part had the legal title to the several lots of land in the patent granted to *Johannes Lawyer, Jacob Zimmer,* and others, commonly called *Lawyer* and *Zimmer's* patent, situate in the county of *Schoharie,* occupied or claimed by the parties of the first part, respectively. The lots, or parts of lots, claimed by the several parties of the first part, were then stated; among which was " that part of lot No. 1. in the first allotment, occupied or claimed by the defendant." And the parties of both parts mutually covenanted and agreed, that *Archi-*

*The parties entered into articles of agreement, to submit to three persons, to determine the sum which the defendant should pay to the plaintiffs, for land of which the plaintiffs had the legal title, but which was occupied, or claimed, by the defendant; and that the plaintiffs should convey the same to the defendant. The arbitrators awarded, that the plaintiffs should convey to the*

defendant, certain land, describing it by metes and bounds; and that the defendant should pay a certain sum to the plaintiffs. In an action of covenant, on the articles of agreement, for a non-performance of the award, the defendant pleaded that he did not occupy, or claim, the land awarded, to be conveyed to, and paid for by, him; and on the trial of the cause, a verdict was found for the defendant. Held, that the plea, although informal, and amounting only to a plea of *no award*, involved the merits of the case, and showed that the arbitrators had awarded upon a matter not within the submission; that the issue was not immaterial; and the verdict having found the fact alleged in the plea, that the plaintiffs were not entitled to judgment *non obstante veredicto,* which can only be on the merits, and not on the form, or manner, of pleading.

Under a plea of *no award,* the defendant may show that the arbitrators awarded on a matter not submitted to them.

bald *Croswell*, *John Adams*, and *Jabez D. Hammond*, or any two of them, should appraise, ascertain, and determine by writing, under their hands, or the hands of any two of them, on or before the tenth day of *June* thereafter, the sums that the parties of the first part, respectively, under all the circumstances of the case, should pay to the parties of the second part (the plaintiffs) for the lots of land so occupied and claimed by them, respectively, and for costs; which sums, so to be ascertained, should be paid, with lawful interest, in four equal yearly instalments, from the day on which the appraisers should ascertain the consideration, to be secured by bond and mortgages on the lots, respectively; which mortgages should be duly acknowledged, and the wives of the married parties should also be parties thereto, or pay the money within ten days after the appraisement, as the parties of the first part should elect: and that the plaintiffs, and their wives, should, for and in consideration of such sums, so to be ascertained and secured as aforesaid, convey such lots of land occupied or claimed by the respective parties of the first part, to them respectively, and to their respective heirs and assigns for ever, with full covenants of warranty and seisin, which conveyances should also be duly acknowledged.

The arbitrators, by their award, dated *May* 19th, 1814, awarded, as respects the defendant, that the plaintiffs, and their wives, convey to the defendant all that part of lot No. 1. in the first allotment of the patent, beginning, &c. (describing the same by metes and bounds,) containing 50 acres of land, be the same more or less ; and that the defendant, in consideration thereof, secure, by bond and mortgage, to the plaintiffs, or either of them, the sum of 406 dollars and 18 cents, 337 dollars and 50 cents thereof being the value of the land, and 68 dollars and 68 cents, being allowed for the taxed costs accrued in the ejectment cause, which was depending at the time of the submission, or that he pay the said sum in money within ten days.

The plaintiffs, in the several counts in their declaration, averred a tender of a deed, duly executed, to the defendant, which he refused to accept, and assigned a breach in the

non-payment of the money, or not giving the security as
required by the award.

The defendant pleaded, 1. That the arbitrators awarded
contrary to the tenor and effect of the articles of agreement,
that the defendant should secure to the plaintiffs, or one of
them, by bond and mortgage, on all that part of lot No. 1.
in the first allotment of the patent, beginning, &c. the sum
of, &c. or pay the said money in ten days : and the defend-
ant further says, that neither before nor since the making of
the articles of agreement, did he own, occupy, or claim the
land before described. 2. That the arbitrators awarded and
determined, contrary to the tenor and effect of the articles of
agreement, that the plaintiffs, and their wives, convey, &c.
and that the defendant, in consideration thereof, secure, &c.
or pay, &c. and that neither before nor since the making of
the articles of agreement, did he own, occupy, or claim the
land before described. 3. That the plaintiffs, in supposed
pursuance of the articles of agreement, but contrary to their
tenor and effect, did tender to the defendant a deed duly
executed and acknowleged by them, and their respective
wives, with the usual covenants of warranty and seisin, for
all that part of lot No. 1. &c. and that neither before nor
since the making of the articles of agreement did he occupy
or claim the land.

Upon these pleas the plaintiffs joined issue, and a verdict
was found for the defendant, at the *Schoharie* circuit, in
*November*, 1817. The present motion was made, by the
plaintiffs, for judgment, *non obstante veredicto.*

*T. Sedgwick*, for the plaintiffs. He cited *Willes' Rep.* 360.
1 *Term Rep.* 118. 2 *Term Rep.* 758. 2 *Str.* 873. 1 *Burr.*
301. *Barnes*, 255. 1 *Salk.* 117. *Tidd's Pr.* 830, 831. *Bac.
Abr. Arbit.* (B.) *Kyd on Awards*, 145. 147. 1 *Lord Raym.*
115. 1 *Johns. Ch. Rep.* 101.

*Foote*, contra.

PLATT, J. delivered the opinion of the Court. The
plaintiffs move to set aside the verdict, and for judgment in

favour of the plaintiffs, *non obstante veredicto* ; on the ground that *the issue was immaterial.*

The rule of law as laid down by Lord *Mansfield,* (*Rex* v. *Philips,* 1 *Burrow,* 301.) in regard to an *immaterial issue,* and a *verdict* upon it, " is, that when the finding upon it does not *determine the right,* the Court ought to award a repleader; *unless* it appear from the whole record, that no *manner* of pleading the matter could have availed."

A judgment, therefore, *non obstante veredicto,* is always upon the *merits ;* and a *repleader* upon the *form* and *manner* of pleading. (2 *Tidd's Prac.* 831.)

I think there is no ground for the motion on the part of the plaintiffs. The plea is informal; but, in my judgment, it tenders an issue involving the real merits. It is, in substance, a plea of *no award made.* By circumlocution, the plea avers, that the award *exceeds the submission;* inasmuch as the arbitrators have awarded a price, and a conveyance for land, *never submitted* for their valuation. The object of the submission was to determine at what price the defendant should purchase the land which he occupied or claimed; and the verdict finds that the award has no relation to any lands of that description ; or, in other words, that the land appraised by the arbitrators never was occupied or claimed by the defendant, and if so, there is no award according to the submission.

Suppose it had been referred to arbitrators to set a valuation on a *farm,* or a *ship in possession of the defendant,* and he had pleaded *no award made ;* and upon the trial of the issue on that fact, it was proved, that the farm or ship actually appraised by the arbitrators, was entirely different and distinct from that possessed by the defendant; could there be a doubt that the award must be deemed void ; because it was not upon the subject matter of the submission ?

It is important in this case, to remark, that the object of the submission was not to ascertain how much, and what lands the defendant *occupied or claimed ;* that was never a question in dispute. The only subject of arbitration was to fix the price at which the defendant was to purchase the land which he occupied or claimed, and for which the ejectment suit had been commenced against him. It was for that land

only, that he acknowledged the plaintiff's title, and which
he agreed to purchase; he never intended to refer it to the
arbitrators, to decide what lands he should buy of the plain-
tiffs. "*The land occupied or claimed by him,*" are words of
description as to the subject matter of the submission.

It is observable, also, that the award does not find, or
assert, affirmatively, that the land which it describes, was
"*occupied or claimed*" by the defendant. It seems to have
been taken for granted; but the arbitrators have not adju-
dicated on that fact; and whether the land awarded upon
was, in truth, in the occupation of, or claimed by the de-
fendant, is a fact which does not appear from the award,
and is to be proved by extraneous evidence.

I consider the verdict upon the issue joined in this cause,
as establishing the fact, that the award was not pursuant to
the submission; and, therefore, the finding of the jury was
not upon an *immaterial issue;* but upon the real merits of
the controversy.

The motion ought, therefore, to be denied; and the de-
fendant is entitled to judgment on the verdict.

Judgment for the defendant.