[PHILADELPHIA, MARCH 29, 1833.]

## YOUNG *against* SHOOK.

### IN ERROR.

Under a submission of all matters in variance between the parties, arbitrators have a right to make an award as to costs, though nothing be said about them in the submission.

In an action against a surviving obligor in a joint and several bond, it is not a good cause of demurrer to a plea of submission and award, that the parties to the submission were not only the parties to the action upon the bond, in which the plea is pleaded, but that one of the executors (erroneously called in the plea one of the administrators) of the deceased obligor, also joined in the submission.

Under a submission of all matters in variance between the parties, involving the question whether a certain bond had been paid, an award, *not under seal*, discharging the bond, is good.

Where, in an action on a bond the defendant pleaded specially, that " *all matters in variance between the parties*" had been submitted to arbitrators, without any averment or allegation that the bond was the matter in variance, or formed any part of it, but the plea stated that the arbitrators made their award "*of and concerning the premises* AND *of and concerning the said writing obligatory,*" *held*, that it appeared upon the face of the plea, that the arbitrators had exceeded their power in passing on matters not submitted to them, and that the award was in this respect void ; and that this defect in the plea might be taken advantage of by the plaintiff, either by replying *nul agard fait*, by pleading specially, or by demurrer.

ERROR to the Court of Common Pleas of *Northampton* county, in an action of debt brought by *John Young*, the plaintiff in error, against *John Shook*, the defendant in error, surviving obligor in a bill obligatory, executed by himself and *John Kemmerer*, on the 12th of *June*, 1811, by which they bound themselves to pay to *Young*, two hundred and thirty-two pounds and thirteen shillings, on the twelfth day of *June* next following the date of the instrument. *Kemmerer* died before suit was brought.

The defendant pleaded payment with leave, &c. and afterwards added the following special plea :

" And the said *Jacob Shook*, for further plea in this behalf, by leave of the court here first had and obtained, according to the form of the statute in such case made and provided, says, that the said *John Young* ought not to have or maintain his aforesaid action thereof against him, because he says, that after the making of the said writing obligatory, and before the commencement of this suit, to wit, on the eighth day of *March*, in the year of our Lord one thousand eight hundred and twenty-seven, at the county aforesaid, the said *John Young*, and the said *Jacob Shook*, in conjunction with a certain *David Kemmerer*, who is one of the administrators of all and singular the goods, chattels, and credits which were of the aforesaid *John Kemmerer*, deceased, who was in his life co-obligor with the aforesaid *Jacob Shook*, in the said writing obligatory—submitted themselves and all matters in variance between the said parties,

(Young *v*. Shook.)

that is to say, by their certain submission in writing, under their hands and seals, bearing date the day and year aforesaid, to the arbitration of *Lewis Micke, Daniel Brown* and *Adam Shug*, as referees indifferently chosen by the said *John Young, David Kemmerer*, and *Jacob Shook*, to settle all matters in variance between the said parties, to meet at the house of *George Messinger*, innkeeper, of *Forks* township, on the seventeenth day of *March*, then instant. And the said *Jacob Shook* further says, that the said referees afterwards, to wit, on the said seventeenth day of *March*, in the year last aforesaid, took upon themselves the burden of the said arbitration, and having met on the day and place before mentioned, and having heard the parties, their proofs and allegations, and examined the vouchers, and duly considered the matters in dispute between the said *John Young* and *Jacob Shook*, did make their award in writing, under their hands, of and concerning the premises, and of and concerning the said writing obligatory, in the declaration mentioned, and ready to be delivered to the said parties in difference. And did thereby, then and there, award and find that the said *John Young* has no cause of action; and that the parties should pay the costs, each one half, as by the said award bearing date the day and year last aforesaid, reference being thereunto had, will more fully appear. And this the said *Jacob Shook* is ready to verify. Wherefore he prays judgment, if the said *John Young* ought to have and maintain his aforesaid action against him."

The plaintiff craved oyer of the submission and award, which was granted in *hæc verba:*

" *John Young*, vs. *David Kemmerer*, one of the Executors of his father, *J. Ke* and *Jacob Shook*.

" Amicable suit and agreed by the partice and refeart to *Lewis Micke, Daniel Brown*, and *Adam Shuge*, as referees chosen by the Partice to satle all matters in variance between the said partice, submitted to you to meed at the House of *George Messinger*, Innkeeper of *Forks* Township, on the 17th day of *March* instance. So agreed the 8th day of *March*, A. D. 1827, as witness our Hands and Seals the day and year aforesaid.

|  |  |
|---|---|
| " *John Young*, | [ L. S. ] |
| " *David Kemmerer*, | [ L. S. ] |
| " *Jacob Shook*. | [ L. S. ] |

" We, the above named referees, having meed on the day above appointed, and after hearing the partice and there proof and allecations, and examined the voudshers, and after consiteration we find no case of action—and we fourther report that the partice shall pay the costs—Each one half. Witness our hand this 17th day of *March*, Anno Domini, 1827.

" *Lewis Micke*,
" *Daniel Brown*,
" *Adam Shuge*."

(Young *v.* Shook.)

The plaintiff demurred to the special plea, and assigned the following causes of demurrer, *viz.*

" That the award therein referred to, exceeds the submission in determining the question of costs, which was not warranted by the submission and agreement of the parties thereto."

" That the agreement, and, in the said second plea, supposed submission, is not a reference at common law, but an amicable action instituted before a justice of the peace, and by an agreement of the parties thereto referred, and that the report of the referees is a nullity, no judgment having been rendered upon it.

" That in the said supposed submission in the said plea contained, there is a misjoinder of the parties to the action, and whether it be considered a reference at common law, or an amicable action before the justice, it is equally void, because no action could be sustained upon the award, and no judgment could be rendered thereon by the justice.

" That the said supposed submission in the said plea contained, is by *John Young, David Kemmerer,* and *Jacob Shook,* who are not the parties to the present suit.

" That in the title to the said supposed submission, in the said plea contained, *David Kemmerer* is represented as one of the executors of his father, *J. K.,* whereas *David Kemmerer* is not executor of his father's estate, but administrator with *Nicholas Kemmerer,* who is no party to the said supposed submission.

" That by the said supposed submission an amicable suit was instituted before a justice of the peace, by the parties thereto, and the sum in controversy having exceeded one hundred dollars, it could not be submitted to referees, and an award thus made is neither a good award under an act of assembly nor at common law.

" That the said supposed submission in the said second plea mentioned, is not truly recited, and also, that the said plea is, in other respects, uncertain, informal, and insufficient."

The court below gave judgment for the defendants on the demurrer.

*Scott,* for the plaintiff in error, cited *Alleyn,* 5.   *Clapcott* v. *Davy,* 1 *Ld. Raym.* 612.   *Bacon* v. *Dubarry,* 1 *Salk.* 70.   1 *Rolle's Ab.* 245, *l.* 20. 246. *l.* 20. 264. *l.* 30.   *Blake's Case,* 6 *Co. R.* 43.   *Beltzhoover* v. *Dorragh,* 16 *Serg. & Rawle,* 329.

*Brooke* and *J. M. Porter,* for the defendant in error, cited *Cald. on Arb.* 16. 123. 124. 126.   1 *Saund. on Pl. and Ev.* 214. 226.   2 *Chitty's Pl.* 120.   *Peale* v. *Warner,* 1 *Saund. R.* 324.   *Diblee* v. *Best,* 11 *John. R.* 103.   *Armstrong* v. *Masten, Id.* 189.   *Kyd on Awards,* 10. 2 *Atk. R.* 505.   1 *Phill. Ev.* 305.

The opinion of the court was delivered by

KENNEDY, J.—The only question about which there is any diffi-

(Young *v.* Shook.)

culty in this case is, whether the submission and award pleaded by the defendant, are shown thereby to have embraced the bond upon which the plaintiff has brought this action.

A number of reasons have been set forth by the plaintiff as causes for his demurrer to the plea, but there is nothing in any of them. The most of them consist of matters of fact *de-hors* the record, upon which we can predicate nothing, as they are entirely foreign to and out of the case. Such as, that the submission was of a suit pending before a justice of the peace. Now that does not appear to be the case, from the terms of the submission as set out, nor from the plea, nor any other part of the record. *Nihil habet forum ex scena.*

As to the exception, that the arbitrators exceeded the submission in awarding as to the payment of the costs, I do not consider it tenable. The submission of all matters in variance between the parties, was general, and the arbitrators under it, although there was no mention of the costs therein, had, as I conceive, a right to award as to them. *Strang* v. *Ferguson,* 14 *Johns.* 161.

As to the exception, that there was a misjoinder of parties to the submission, and that the parties were not the same there with the parties to this suit, there is nothing very irregular in it, or more than might have been expected where, as in this case, the parties interested in matters about which they disputed, amicably, without the aid of counsel, agreed to submit all matters in variance between them, to the arbitrament of men mutually chosen by them for that purpose. Assuming as a fact, however, for the sake of the argument, that the bond in suit was the matter in variance which was submitted and arbitrated upon, there were certainly none made parties to the submission and reference, who were not directly interested in having the matter adjusted and settled. The bond is joint and several, and if it has not been paid, or discharged in some way, the estate of *John Kemmerer,* the deceased obligor, is liable for the payment of it, as well as *Jacob Shook,* the surviving obligor, against whom this suit is brought. In the submission then, there is *John Young,* the plaintiff in this action, of the one side, and *Jacob Shook,* the defendant, joined by *David Kemmerer,* one of the executors, but said to be administrator, and not executor of the deceased obligor, of the other side. If *David Kemmerer,* designating himself as the executor or administrator, and it is immaterial which for such purpose, of *John Kemmerer,* the deceased obligor, chose to join himself with *Jacob Shook,* the surviving obligor, in submitting the dispute which had arisen upon the bond, to judges of their own choosing, and to make himself jointly responsible with *Jacob Shook* for the result, I can perceive no legal objection to his doing so, nor can I conceive how it is possible it should avoid, or render the award a nullity, because he did do so. Neither was it necessary that all the administrators of the deceased obligor should have joined in the submission, or been consulted, in order to make it conclusive. See *Morris* v. *Creach,* 1 *Lev.*

(Young *v.* Shook.)

292.   If the same obligation that is sued on here, was really the matter in contest, and submitted to the arbitrators, there were certainly no others parties to the arbitration, than those who were interested in the bond, and whose duty it was to have it settled; and it is unreasonable to say, that the same form must be observed in making parties to the submission, that might be necessary in bringing a suit on the bond in court, otherwise the award of the arbitrators shall be of no efficacy.

It is further contended, upon the principles laid down in *Blake's Case*, 6 *Co.* 44, that the arbitrament which is not under the seals of the arbitrators, cannot discharge the bond. *Ut unumquodque dissolvi eo ligamine quo ligatum est.*   Although it has been said that *arbitrament* generally is not a good plea to debt upon a bond, yet it has been ruled that upon a submission of *all matters in controversy*, which included a bond, (and here it is of *all matters in variance*, which is the same,) an award declaring that the bond should be discharged, was a good plea. *Morris, executor of Adams* v. *Creach*, 2 *Keb.* 623. 659. *S. C.* 1 *Lev.* 292. 1 *Com. Dig.* tit. *Accord*, (*D.* 1.) page 128, *Rose's* ed. But if the only matter in dispute between the parties were, whether a bond which the one holds against the other has been paid or not, I have no doubt but that they may mutually agree, even by parol, to submit it to the arbitrament of one, two or more persons, and the award when fairly made, will be binding and conclusive upon them.   There is no rule of law nor principle of policy, which prohibits men from selecting such tribunal to pass upon and to decide their disputes in such cases, and, being so decided, the maxim *expedit reipublicæ ut sit finis litium* applies.   *Ferrer's Case*, 6 Co. 7.

And in the last place it is urged, that the defendant has not shown by his plea, that the bond in suit formed any part of the matters in variance which were submitted, and that the arbitrators therefore, in awarding a discharge of the bond, exceeded their authority, and consequently the award, in that particular, is void.   In answer to this, it is said by the defendant's counsel, that for such omission in the plea, if it does exist, the plaintiff ought to have replied *nul agard fait*, and that he cannot avail himself of it on demurrer.   Although the plaintiff might perhaps have taken advantage of this omission upon such replication, *Macomb* v. *Wilber*, 16 *Johns.* 227, yet, I apprehend, that is not the only mode by which he may do it.   He might, I think, have done it by replying specially.   *Bean* v. *Farnam et al,* 6 *Pickering*, 269.   And I have no doubt, where the award is bad or insufficient from the party's own showing, to answer his purpose, and it be made the foundation of a suit, or of a defence to a suit brought, the opposite party may take advantage of it by demurrer. 1 *Saund. Rep.* 327, *a.* (note *e*,) by *Patteson* and *Williams*, 327, *b.* note (3).

Awards are certainly looked on much more favorably now than formerly, and may be said truly to have become great favourites with the legislature of this state, who have put it in the power of a party litigant, however unwilling his adversary may be, to have

(Young *v.* Shook.)

almost any case whatever tried and decided by arbitrators; subject, however, to appeal therefrom, by either party, within a limited time, upon his paying all the costs accrued, and giving bail to prosecute his appeal.

But still, there are certain fundamental principles which cannot be dispensed with, and must be regarded in order to render awards effectual; such as certainty, at least, to a common intent; that they shall be final, and that the matter awarded on shall have been within the terms of the submission. *Archer* v. *Williamson*, 2 *Harris & Gill,* 62. The arbitrators derive all their authority from the submission; they must be confined to the subject-matter within it, and pursue it strictly. *Pratt* v. *Hackett*, 6 *Johns.* 16. *Solomons* v. *M‘Kinstry,* 13 *Johns.* 27. And this they must do in point of form, as well as in point of substance. *Henderson* v. *Williamson*, 1 *Stran.* 116. 2 *Saund.* 62, and note (3.)

Hence, in declaring upon an award, or in pleading it as a bar to an action brought, it becomes material to aver a mutual submission, and to state, at least in general terms, the subject-matter of it, so that it shall appear distinctly that that which is claimed by the party, and was awarded in his favour, came within the terms of the submission. 2 *Saund. Rep.* 61, *h.* and *i.* Then how is it in this case? The defendant in his plea has shown, that the submission was " of all matters in variance between the parties," but there is no averment nor allegation in any form, that the writing obligatory in suit was the matter in variance or formed any part of it. Then again, it is further stated in the plea, that the arbitrators made their award " of and concerning the premises, *and* of and concerning the said writing obligatory." Now it is true that these latter words, " of and concerning the said writing obligatory," show clearly enough that the bond in suit was embraced in the award of the arbitrators, but unfortunately for the defendant, they also import most unequivocally, as it appears to me, that the bond or writing obligatory was no part of the " premises," which term refers to, and is substituted for the previous words, " all matters in variance between the parties," showing the extent of the submission; because if the bond had been embraced within the words " of and concerning the premises," then the following words, " *and* of and concerning the said writing obligatory," would have been unnecessary. If those latter words had been omitted altogether, I am inclined to think that the want of an express averment, that the writing obligatory either was, or else formed a part of the matters in variance between the parties, it not being among the causes assigned for the demurrer, would not have been a *substantial* defect, and that it might have been supplied by inference which would have comported with all that was averred; but from the manner in which the writing obligatory is here introduced into this plea, and connected with the preceding clause, " of and concerning the premises," by the copulative " and," it conveys the idea very distinctly, that the writing obligatory which was awarded on, was *additional* matter to that em-

(Young *v.* Shook.)

braced within the immediately preceding term, "premises." Now the word "premises" means, and indeed can mean nothing else, than "all matters in variance between the parties," so that the writing obligatory is stated by the defendant in his plea to have been awarded on by the arbitrators, *over and above* "all matters in variance between the parties," at the time of the submission. The award, therefore, as to this part of it, must be considered void, and consequently no bar to the plaintiff's action. The judgment of the court below must therefore be reversed, and judgment entered on the plea demurred to in favour of the plaintiff, and the record remanded that the cause may be tried on the other pleas.

Judgment reversed, &c.