# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

EASTERN DISTRICT, MARCH TERM, 1835.

---

[PHILADELPHIA, MARCH 30, 1835.]

## KEMMERER *against* YOUNG.

### IN ERROR.

When there is judgment on a writ of error that a plea demurred to is defective, and there is another plea, and the cause is remanded for trial on that plea, the case stands in the court below subject to the provisions of the Act of 21st March, 1806, and the defendant may alter his defence on or before the trial as in other cases.

*Semble,* that a plea of submission and award to an action of debt on a bill obligatory, of all matters in variance between the parties, stating that the said writing obligatory, was then and there a matter in variance, without averring that the payment of the bill obligatory was a matter in variance, is sufficient.

THIS was a writ of error to the Common Pleas of Northampton County.

It was an action of debt brought by *Young*, the defendant in error, against the plaintiffs in error, administrators of *John Kemmerer*, on a bill obligatory, executed by *Jacob Shook* and *John Kemmerer*, the intestate of the plaintiffs in error, by which they bound themselves to pay to *Young*, two hundred and thirty two pounds and thirteen shillings, on the 12th day of June, next following the date of the instrument.

The defendant pleaded payment with leave, &c. and afterwards added a special plea of submission and award, to which the plaintiff demurred.

This cause was before the court on a former writ of error, when

judgment was entered on the plea demurred to, in favour of the plaintiff, and the record remanded that the cause might be tried on the other pleas. See the case of *Young* v. *Shook,* reported in 4 *Rawle,* p. 299.

The remittitur from the Supreme Court, was received in the Common Pleas on the 2d of April, 1833. On the 2d of August, in the same year, the defendants filed an additional plea in the following words:

" And the said *David Kemmerer,* and *Nicholas Kemmerer,* administrators as aforesaid, for further plea in this behalf, by leave of the court here, for this purpose first had and obtained, according to the form of the statute in such case made and provided, say:—That the said *John Young* ought not to have or maintain his aforesaid action thereof against them, because they say that after making the said writing obligatory, and before the commencement of this suit, after the death of the said *John Kemmerer,* deceased, that is to say, on the 8th day of March, in the year of our Lord one thousand eight hundred and twenty-seven, at the county of Northampton aforesaid, the said *John Young* and the said *David Kemmerer,* by the name of *David Kemmerer,* one of the executors, &c. of his father *J. K.* in conjunction with a certain *Jacob Shook,* who was co-obligor with the aforesaid *John Kemmerer,* deceased, in the said writing obligatory submitted themselves and all matters in variance between the said parties, that is to say, by their certain submission, in writing, under their hands and seals, bearing date the day and year last aforesaid, to the arbitration, award and final determination of *Lewis Micke, Daniel Brown* and *Adam Shuge,* as referees, indifferently elected, named and chosen by the said parties, that is to say, the said *John Young, David Kemmerer* and *Jacob Shook,* to arbitrate, award and settle of, and concerning all matters in variance between the said parties, the said writing obligatory being then and there, that is to say, on the day and year last aforesaid, at the county aforesaid, a matter in variance and dispute between the said parties, to meet at the house of *George Messinger,* innkeeper, of Forks township, on the 17th day of March then instant. And the said *David Kemmerer,* and *Nicholas Kemmerer,* in fact further say, that the said referees afterwards, that is to say, on the said 17th day of March, in the year of our Lord one thousand eight hundred and twenty-seven, took upon themselves the burden of the said arbitrament, and having met in due manner in pursuance thereof, and having heard the parties, their proofs and allegations, and examined the vouchers, and duly considered the matters submitted to them, that is to say, all matters in variance between the said parties, the variance and dispute between the said parties of, and concerning the said writing obligatary being part thereof, did make their award in writing under their hands, of and concerning the said matters so as aforesaid submitted

to them, and ready to be delivered to the said parties in difference, and did in and by their said award then and there, that is to say, on the 17th day of March, in the year of our Lòrd one thousand eight hundred and twenty-seven, at the county aforesaid, award and find that the said *John Young* had no cause of action, and that the parties should pay the costs, each one half, as in and by the said award bearing date the day and year last aforesaid, reference being thereunto had will more fully appear. And this the said *David Kemmerer,* and *Nicholas Kemmerer,* are ready to verify. Wherefore they pray judgment, if the said *John Young* ought to have or maintain his aforesaid action against them," &c.

This additional plea was stricken off by the court below on the 14th of October, 1833.

The cause came on for trial on the 27th January, 1834, when several exceptions were taken by the plaintiffs in error, to the decision of the court on points of evidence, which it is unnecessary here to notice, as the court confined their decision to the first error assigned, which was that the court below erred in their decision of the 14th October, 1833, striking off the additional plea.

*Brooke* for the plaintiff in error, shortly after commencing his argument, was stopped by the court, who called on *Ihrie* and *Scott,* of counsel for the defendant, to support the decision.

They argued that the plea offered was bad, because it stated a submission by one only of the administrators. *Lawes. Ass.* 660. *Kyd on Awards,* 387. The plea is also bad because it does not set out that the payment or factum of the bill was in controversy—only that the bill was in dispute. Suppose the dispute was trover for the bill—suppose an agreement for delay of payment, or that it was held by collateral security : a thousand cases might be put where there might be a contest about the bill and yet not on the payment or factum or validity of it.

In debt the judgment is *quod recuperet.* The order of this court was that the plaintiff should recover, *quoad* the plea of submission, and the trial should go on, on the other plea of payment. There is no instance of an amendment allowed after judgment in a court of error on a demurrer. *Spackman* v. *Byers,* 6 *Serg. & Rawle,* 385. *Sweigart* v. *Lowmaster,* 14 *Serg. & Rawle,* 202. If the party may amend once, he may forever. 2 *Tidd,* 685.

The opinion of the court was delivered by

SERGEANT, J.—By the act of the 21st of March, 1806, sec. 6, " the defendant may alter his plea or defence on or before the trial of the cause." As this cause was open for trial when the additional plea was filed, it fell within the words of the act of assembly. The court below supposed they were restricted by the former judgment of this court, reversing the first judgment, and remanding the cause, with

(Kemmerer *v.* Young.)

nstructions to proceed to the trial of the issue in fact.   The judgment of this court did not divest any right the parties might otherwise possess after the cause was remanded.   No decision took place here on the right of the defendants to add a new plea; nor was the judgment for the plaintiff in error a final judgment *quod recuperet,* but merely on the demurrer, that the plea was not sufficient in law, and that the cause should go back for trial on the other issue. Under these circumstances the defendants retained the right given them by the act of assembly, to add a plea before the trial of that issue.   If it were not so, they would be without an opportunity to remedy their defective pleadings, and the merits would be sacrificed to form.   For in the court below, the judgment on the plaintiff's demurrer to the plea of the defendants was in favour of the defendants, and they could not then be expected to apply for leave to add a better plea.   They had not, it would seem, even the usual opportunity of withdrawing a plea demurred to before judgment on the demurrer ; because the objection to the plea which ultimately prevailed, was not made in the court below, either by way of special demurrer, or on the argument as a ground of general demurrer. The defect in the plea was suggested when the case came up to this court by writ of error,   Nor could the defendants alter their pleading here.   Such is not the practice.   This court adjudicates on what is before it, and sometimes remands with instructions, but does not undertake to mould the pleadings preparatory to a trial below.   In *Spackman* v. *Byers,* 6 *Serg. & Rawle,* 385, even a release of damages beyond the amount in the narr. was not allowed, but the plaintiff was permitted to take down the record, that the court below might allow the amendment if they thought proper.   In the present case, the record went back of course when the plea was overruled.

In some instances, a judgment on a writ of error that a plea demurred to is defective, is final.   But when there is another plea, and the cause is remanded for trial on that plea, the case stands in the court below subject to the provisions of the act of assembly, and the defendant may alter his defence on or before the trial, as in other cases.   To be sure, a plea overruled by this court is not to be put in again.   But a new and different plea is admissible.

The new plea, however, is itself objected to as defective, in not stating that the question of the payment of the bond on which this suit is brought, was a matter in variance.   I am inclined to think the averments in it sufficient.   See 4 *Rawle,* 304.   All that is required in a plea in bar is certainty to a common intent.   But this it is admitted, was not the ground on which the court below struck off the plea; and.I feel averse to entertain objections started for the first time in this court, when the party has had the opportunity to make them below, and has not done so.   Great injustice may be done by it.   If the court below erred in the grounds on which they decided, the defendants ought to be restored to the position they

(Kemmerer *v.* Young.)

have lost, and the pleadings may be then adjusted so as to reach the merits.

Judgment reversed, and *venire facias de novo* awarded.