STARR (LAMB v.). See Cases Nos. 8,021 and 8,022.

---

## Case No. 13,315.

### STARR et al. v. MOORE. et al.

[3 McLean, 354.] [1]

Circuit Court, D. Indiana. May Term, 1844.

SALE—ATTACHED PROPERTY—EXECUTION—OFFI-CER—LOSS OF PROPERTY—PLEA.

1. An attachment laid upon property, does not change the ownership of such property.

2. The defendant may sell it subject to the lien of the attachment.

3. The same may be said of property levied on by execution.

4. A levy is said to be a satisfaction of the debt, if the property be of sufficient amount. And this is said to be the case, though the property should be wasted by the negligence of the officer.
[Cited in Lustfield v. Ball (Mich.) 61 N. W. 341.]

5. The officer is the agent of both parties, and may be liable to either.

6. But, if the property be lost, without the neglect of the officer or the plaintiff, the loss must be sustained by the defendant, who has failed to pay the amount due.

7. A plea that property was attached and lost, is defective in not showing how the loss occurred.
[Cited in Stewart v. Nunemaker, 2 Ind. 51; McCullough v. Druly, 3 Ind. 434; Dorman v. Kane, 5 Allen, 40.]

[This was an action at law by Starr & Smith against Moore and others.]

Mr. Gregory, for plaintiff.
Judah, Mace & Baird, for defendant.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

McLEAN, Circuit Justice. This action is brought on a promissory note given for goods purchased in New York. The defendants pleaded that under the law of New York, an attachment was issued, upon which goods sufficient to satisfy the debt in controversy were seized and detained, by means whereof the said goods were, and still are, wholly lost to the defendant. To this plea the plaintiffs demurred. It is objected that this plea is bad, because it does not set out the statute of New York, under which the attachment was issued. As the courts of the United States treat the statutes of the respective states as domestic and not as foreign laws, there is no necessity to plead or prove those laws, as laws of a foreign country. If attaching property to the amount of the debt demanded, be an absolute discharge of the debt, this plea is sustainable.

In the case of M'Intosh v. Chew, 1 Blackf. 290, the court say: "We take the law to be, that the plaintiffs, by levying their execution on the lands of the defendant, have elected to take the specific property as a pledge for the satisfaction of their whole debt; and while it is held by them for that purpose, it is, for the time, presumed to be a satisfaction." In Hoyt v. Hudson, 12 Johns. 207, the court held: "When an officer under an execution, has once levied upon the property of the defendant, sufficient to satisfy the execution, he cannot make a second levy." In the case of Clerk v. Withers, 2 Ld. Raym. 1072, it was ruled, that when a defendant's goods are seized on a fieri facias, the defendant is discharged. And in the case of Ladd v. Blount, 4 Mass. 403, it was expressly decided, that when goods sufficient to satisfy an execution are raised on a fieri facias, the debtor is discharged, even if the sheriff waste the goods or misapply the money. In Jenner v. Joliffe, 9 Johns. 384, it was said: "If an officer have an authority to attach a man's goods. keep them in an unsafe place, or expose them to destruction, he acts contrary to the duty of his office." And in the same case, 6 Johns. 16, the court say: "If the loss of the timber happened while it was held under the attachment, and without the negligence of the officer, the defendant (at whose instance the attachment was issued) ought not to be responsible for it." And Mr. Justice Story, in his work on Bailment, says (section 128): "The officer, who has laid the attachment upon goods is considered as having the custody thereof as long as the attachment continues; and if he delivers them over to the bailee or to the debtor, and a loss ensues, he will be liable to the creditor, and the loss of the property is at his peril."

The laying of an attachment does not change the title to the property attached. The right of property remains in the defendant, subject to the lien of the attachment. And it is supposed that the effect is the same on the levy of an execution. In both cases,

to change the right of property, there must be a sale under the process. But, in either case, if the marshal or sheriff shall be negligent, so that the property shall be destroyed, the officer is responsible. He is responsible to the plaintiff, and also to the defendant, the owner of the property. The officer is the agent of both parties, and may, therefore, be liable to either party. The sheriff or marshal is bound, at least, to ordinary diligence for the preservation of the property in the custody of the law, and, consequently, subject to his control. He has a right to incur any reasonable expense in keeping the property. If it be live stock, he may pay the expense of keeping it, and tax it as a part of his costs. And it would seem to be reasonable, if the property be lost by the negligence of the officer, that the defendant should set up such loss in his defence, as in this case, to a new action for the same consideration. But if the loss be the result of accident, in no way chargeable to the officer or the plaintiff, the officer is not responsible, nor is it clear that the plaintiff sustains the loss. In such a case, the officer would be considered the agent of the law, and by resorting to that agency for the obtainment of his debt, the plaintiff is not chargeable with any dereliction of duty, or act of injustice to the defendant. He is the delinquent party, in failing to discharge his obligation, and should a loss be incurred by an unforeseen casualty, which is not chargeable to the officer or the plaintiff, it would seem that the loss should be borne by the defendant. The plea is defective in not showing how the loss took place, and on this ground the demurrer is sustained.

On motion, leave given to amend the plea.