## James A. Dorman *vs.* Jeremiah Kane.

If attached property, of which due care is taken by the officer or keeper, is stolen, the officei is not liable for the loss.

In an action against an officer to recover the value of attached property which has been stolen, if evidence has been introduced to show that in particular instances his keeper was careless in leaving the room in which the property was kept with the door unlocked, he may show in reply that it was the habit of the keeper to lock the door, when about to leave the room.

If a judgment debtor whose property has been attached on mesne process has paid the amount of the judgment, and informs the officer thereof, and demands the return of his property before the expiration of thirty days from the rendition of the judgment, and the officer, without asking for delay or authority from the judgment creditor to deliver up

the property, replies that it is lost and he cannot deliver it up, this is a waiver of any right which he might otherwise have had for further time.

An officer is not made liable for the conversion of attached property, by proof that it has been stolen from his possession.

Tort to recover damages for the conversion of three guitars and cases.

At the trial in the superior court, before *Putnam,* J., the plaintiff proved that the defendant, who was a deputy sheriff, attached the property on a writ against him, that judgment was rendered against him therein on the 22d of March 1861, that he paid the amount of the judgment on the 29th of March, and on the following day informed the defendant that he had done so and demanded the property, to which the defendant replied that it had been lost and he could not deliver it up. The plaintiff introduced evidence tending to show that at the time of this demand the property had been lost by the negligence of the defendant in keeping the same. The bill of exceptions stated that " it was admitted that the defendant put said property, after the attachment, into the custody of the attaching creditor's attorney, who kept it in his private office, and that it was so kept until February 1862, when it was stolen."

The plaintiff also introduced evidence tending to show that on many occasions this attorney had left his office with the door open in his absence, while the guitars were there ; and in reply the defendant offered to show by witnesses acquainted with the fact, that his usual habit was to lock the door when about to leave the room. The judge excluded the evidence.

The bill of exceptions further stated that " there was no evidence as to what became of the property, or as to how it was lost, whether destroyed or stolen."

The defendant asked the court to instruct the jury that, under the circumstances above stated, unless he knew from the attaching creditor or his attorney that the judgment had been paid, he was entitled to thirty days from the rendition of the judgment to find the property; but the judge declined so to rule, and instructed the jury that the defendant was entitled to have the authority of the attaching creditor or his attorney to give up

the property; but if the property had already been lost through the negligence of the officer or his keeper the plaintiff might bring his action at once, if in fact he had paid the judgment.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*P. C. Bacon & G. Swan*, for the defendant.

*G. F. Verry*, for the plaintiff.

METCALF, J. The question on the trial of this case was, whether the defendant was answerable for the loss of the property which he attached in a suit against the plaintiff. The judgment which was recovered in that suit having been paid by the plaintiff, he was entitled to a return, by the defendant, of the attached property, unless it was destroyed or lost without the fault or negligence of the defendant himself, or of the keeper for whose fault or negligence the defendant was answerable. If attached property, of which due care is taken by the officer or keeper, is lost by fire or theft, the officer is not liable for the loss; otherwise, if it be burned or stolen while due care to prevent such loss is omitted by the officer or keeper. Edwards on Bailm. 59. Story on Bailm. §§ 39, 130. *Starr* v. *Moore*, 3 McLean, 354. *Bridges* v. *Perry*, 14 Verm. 262.

After the plaintiff, for the purpose of proving that the property was lost through the keeper's negligence, had introduced evidence that the keeper, on many occasions, when about to be absent from the room where the property was, had left the door of the room open, we are of opinion that the defendant should have been permitted to introduce the evidence which he offered, that it was the keeper's "habit" to lock that door, when about to be absent from the room. There was no direct evidence whether the room was open or locked when the property disappeared. That, however, was a material question in the case; and the jury should not have been left to decide it solely upon evidence of the keeper's occasional carelessness, but should have been allowed to take also into consideration his habitual care. The probability that the property was taken away when the door was open might certainly have been lessened by the evidence which was excluded. What influence that evidence

would have produced on the minds of the jurors, we cannot know.

Except the exclusion of the above mentioned evidence, we find nothing objectionable in the rulings made, or in the instructions given, on the trial.

If, when the property was demanded of the defendant, he was entitled to further notice that the judgment in the suit, in which the attachment was made, had been paid, and the attachment dissolved, we are of opinion that he waived such notice by his reply to the demand, that the property had been lost, and he could not deliver it.

It was objected, at the argument, that if the defendant were answerable to the plaintiff for the loss of the property, yet that, on the evidence, he was not guilty of a conversion of it to his own use, but guilty only of nonfeasance. And this would have been decisive against the maintenance of the action in its present form, if the bill of exceptions had clearly shown that the objection was taken at the trial. But as this does not clearly appear, the objection cannot now prevail. *Brown v. Waterman,* 10 Cush. 117. *Exceptions sustained.*