HYER AND HYER, PLAINTIFFS IN ERROR, VS. AMBROSE
VAUGHN, DEFENDANT IN ERROR.

1. An amendment to a declaration, after plea filed, by interlining in the
original the partnership name of the defendants, as the name was
stated in the plea, no objection having been made to such mode of
amendment, is not an irregularity of which the court will take no-
tice.

2. A motion in arrest of judgment, where the verdict and judgment are
in favor of the plaintiff, will not be granted if the declaration on
its face shows a valid cause of action and is not demurrable.

3. Where a cause has been tried upon several issues, but some of them
are immaterial and a verdict is rendered for plaintiff upon the
whole case upon the merits, a judgment *non obstante veredicto* can-
not be given for the defendant upon the ground that some of the
immaterial issues should have been found in favor of the defend-
ant. If the verdict had been in favor of the defendant upon such
immaterial issues, still the plaintiff would have been entitled to
judgment *non obstante*.

4. It was not error in such case to refuse a motion by the defendant,
that a repleader be ordered where the pleadings on the part of the
defendant raise immaterial issues and it is apparent from the whole
case that no manner of pleading the matters embraced in the pleas
would have made them available. A repleader is only ordered
upon the form and manner of pleading, where the matter is sub-
stantial.

Writ of Error to the Circuit Court for Escambia county.

Vaughn declared against Albert Hyer and W. K. Hyer
as partners, and afterwards amended the declaration by in-
serting in it by interlineation the style of defendants, so as
to read, " partners, under the firm name and style of Hyer
Bros." Precisely when this amendment was made is not
shown.

The declaration was in assumpsit, and at first contained
but one count. It alleged that in 1871, and divers other
days, plaintiff deposited with defendants as bankers sundry
sums of money, drafts, &c., and defendants promised to pay

plaintiff the amount with interest, and that on March 15, 1878, there was a balance of such deposits due him of $1,700, which defendants refused to pay on demand.

Afterwards, before plea, plaintiff filed a second count to his declaration containing substantially the same allegations, and adding, that on the 15th March, 1878, defendants admitted that there was a balance due plaintiff on said deposits of $1,700, and payment being demanded on that day defendants refused to pay, claiming that defendants had a right by contract with plaintiff to retain sums due on deposits for one year after they became due, paying interest thereon, and that more than one year had since elapsed and defendants still refused to pay.

For a *first* plea defendants say that it is not true, as alleged, that any deposit of money was made with Albert Hyer & W. K. Hyer, partners, but that if such deposits were made " they were made with Hyer Bros."

Defendants for a *second* plea say that the cause of action did not accrue within three years next before suit.

Defendants filed a *third* plea denying that the deposits were made by plaintiff with defendants, as alleged, but that plaintiff in 1871 deposited with Anderson Hyer & Co. $2,300, and that defendants paid plaintiff's checks more than the amount subsequently deposited with them by him.

Plaintiff demurred to the second and third pleas, and the demurrer being overruled he joined issue on the first plea, and for replication to the second plea alleged new promises within two years to pay plaintiff, if indulged, and plaintiff did indulge defendants.

For replication to the third plea plaintiff alleges that said deposits were originally made with Anderson Hyer & Co., and at the dissolution of that firm Hyer Bros. assumed the payment of the balance due plaintiff on such deposits, which

plaintiff assented to, and made with defendants additional deposits from time to time, and drew from such deposits divers sums, according to the alleged agreement, until the total amount due was reduced to the sum sued for.

Defendants demurred to these replications to the second and third pleas. The demurrer to the replication to the second plea was overruled, and the demurrer to the replication to the third plea was sustained. Defendants filed rejoinder to the replication to the second plea denying its averments.

Plaintiff then filed a *third* count to his declaration, alleging that defendants owe him $2,500 for balance of deposits made with the late firm of Anderson Hyer & Co., which was composed of the defendants and one Wm. E. Anderson, the defendants, upon the dissolution of that firm, assuming, with the assent and agreement of the plaintiff, to pay him the said balance due.

Defendants demurred to this count and the demurrer was overruled, with leave to defendants to plead over.

The parties proceeded to a trial, and a verdict was rendered in favor of plaintiff for $1,951.97, upon which judgment was duly entered against defendants.

Defendants then moved in arrest of judgment on the ground that it appeared upon the face of the pleading that the issues tendered by the first and third pleas are admitted by the amendments subsequent to the filing of said plea to be true as claimed by the defendants. This motion was denied.

A motion for a new trial, on the ground that the verdict was against the law and the evidence and the charge of the court, was overruled.

Defendants then moved for judgment on the first and third issues, *non obstante veredicto*, or that a repleader be directed. This motion was denied by the court.

The bill of exceptions contains the testimony given upon the trial, plaintiff being the only witness. No question was made and no exception taken to the testimony or any ruling thereon.

The rulings of the court upon the motions in arrest of judgment for a new trial, and for judgment *non obstante veredicto*, are alleged as erroneous.

The plaintiff's testimony shows that about the year 1870 plaintiff deposited seven or eight hundred dollars in gold with Anderson, Hyer & Co., and soon afterward about the same amount in currency, and other amounts at other times; that he drew out some and one of the defendants asked him to let his money remain and they would pay interest on it at ten per cent. Plaintiff agreed to this, reserving the right to draw it whenever he wanted it, and this was agreed to. When Anderson left the firm defendants told him they would keep his money on the same terms; and this was assented to by plaintiff. Defendants continued to pay interest on the money according to this agreement until about January, 1878. This change in the firm occurred about four or five years before suit was brought, which was in April, 1879. About a year before suit was brought he went to them to draw some money, and they informed him they had a right to keep it one year after they were notified that he wanted it, as they were paying him interest on it. He waited the year and then gave an order for some money, which they refused or failed to pay. Calling on them they did not let him have the money, because it was "deposited in timber." Albert Hyer said if I sued he would make me lose half of it. Defendants paid me the interest at 10 per cent. up to about January, 1878. I had a book in A. Hyer's hand-writing showing that they owed me $1,700, and he said that was the amount they owed me. Since the commencement of this suit he proposed to let me have

some of the money and secure the balance if I would dis-
miss the suit.

*C. C. Yonge* for Plaintiffs in Error.

*D. L. McKinnon* for Defendant in Error.

THE CHIEF-JUSTICE delivered the opinion of the court.

The first and second counts of the declaration show a
cause of action in favor of plaintiff and against defendants.
The first plea does not deny the alleged indebtedness,
but says the money was not deposited with defendants, A.
& W. K. Hyer, partners, but if such deposits were made
they were made with Hyer Bros. The alleged partnership
is not denied, or that Hyer Bros. was composed of the de-
fendants alone. The partnership *name* is of no consequence
in pleading, unless in a suit upon a contract made in the
particular name it may become material. (1 Evans' Pl., 97.)
This plea then, so far as it is pertinent, is an admission of
the indebtedness alleged, the only real issued raised by it
being as to the *name* of the firm composed of the de-
fendants.

The second plea is the statute of limitations, and as to
that it is put in issue by replication alleging an admission
of the indebtedness by defendants within two years or less,
and promises to pay. This issue is accepted by defendants'
rejoinder.

The third plea does not negative the alleged indebtedness,
or that the defendants had on deposit the money of the
plaintiff, as he alleged. The plea is evasive and uncertain,
and did not raise a material issue, because it did not show
anything inconsistent with the allegations of plaintiff as to
the indebtedness. If Anderson, Hyer & Co. had plaintiff's
money on deposit, and, on the withdrawal of Anderson from
the firm, these defendants kept and retained possession of this

money, engaging with him to keep it for him, (and that is what the proof shows,) the allegations in the first two counts are true, and the matters of the third plea may be also true but not inconsistent with the declaration.

The third count of the declaration was added after the judgment of the court sustaining the demurrer of defendants to the plaintiff's replication to the third plea, and by leave to amend. This count alleges deposits by plaintiff with Anderson, Hyer & Co., the withdrawal of Anderson from the firm, defendants (the remaining members) assuming and agreeing with plaintiff to pay him the money. This count was demurred to and the demurrer overruled, as it should have been.

The testimony in the case is sufficient to sustain either count of the declaration. It shows an account opened in 1870 or 1871, plaintiff commenced making deposits with Anderson, Hyer & Co., and drawing on them from time to time until the dissolution by the withdrawing of Anderson ; that defendants continued the business, took possession of plaintiff's money on deposit there with his consent, and paid interest annually until 1878, when they found it convenient to stop paying his checks, and demanded a year's time in which to pay the acknowledged balance.

Now, when the deposits were transferred from the account of Anderson, Hyer & Co. to Hyer Bros. with plaintiff's assent, and the defendants' express agreement to pay, and treating the deposits as made with them, it was, in fact and in law, a deposit of so much money by plaintiff with defendants, as alleged in the first count.

The defendants' plea of the statute of limitations, however available it might have been to Anderson, is overcome by the proof of the acknowledgment of the debt by these defendants, as well as by the promise to pay, which are both clearly proven by the testimony within the statutory period.

The motion for a new trial was properly overruled, because the verdict was agreeable to the law and to the evidence, and we presume it was in accord with the charge of the court. The charge is not in the record.

The motion in arrest of judgment was placed upon the ground that the matters of the first and third pleas are admitted by the amendment made subsequently to filing of the pleas to be true.

But if the declaration had been substantively defective it was made good by the amendments. No question is raised by the record that the amendments were not legally and regularly made, and we must consider them so made. The defects, if any there were, having been cured by amendment, there is no ground for arresting the judgment. As there is no intrinsic cause now appearing on the face of the declaration, the motion in arrest cannot be granted. (Sedgwick vs. Dawkins, 18 Fla.; 3 Burr., 1725 ; 6 Taunton, 650 ; 2 Tomlin's Law Dict., 291 ; Tit. Judgment, Tidds' Pr., 826.)

As to the motion for judgment on the first and third pleas notwithstanding the verdict, or that a repleader be directed, it is to be remarked that the first plea set up matter entirely immaterial, as we have before remarked, but it seems that to avoid cavil, the plaintiff, without objection being made to the method, amended by writing upon the face of the declaration the name of the firm. And as to third plea, as we have said, it shows nothing inconsistent with or avoiding the allegations of the declaration, and offers no matter of defence, and, by not denying, admits that the defendants hold plaintiff's money on deposit and refuse to pay it.

Judgment *non obstante* is given only where it is clearly apparent to the court that the party who has succeeded has upon his own showing no merits, and cannot have by any

manner of statement. (2 Bouv. Dict., 440.) In Tatum vs.
Tatum, 19 Ark., 194, 199, the court says: "We are clearly
of opinion that if the court below had permitted the parties
to go to a trial upon the issues to the four pleas, even if the
finding had been for the. defendants, the judgment neces-
sarily must have been *non obstante* for the plaintiff, for the
reason that the matter set up in those pleas, in no mode or
manner of stating it, could bar or preclude the plaintiff
from a recovery on his cause of action." And see Stephen
Pleading, 97. The rule as laid down by Lord Mansfield
in Rex vs. Philips, 1 Burr., 301, in regard to an immate-
rial issue and a verdict upon it, is that when the finding
upon it does not determine *the right*, the court ought to
award a repleader, *unless it appear from the whole record that
no manner of pleading the matter could have availed.* A judg-
ment, therefore, *non obstante veredicto*, is always *upon the
merits;* and a repleader upon the form and manner of
pleading. 16 Johns., 230 ; 2 Tidd's Pr., 831.

In Hazard vs. Purdom, 3 Porter, 43, (cited by counsel
for plaintiff in error) it was held that " there was error in
refusing to charge the jury, on request, that if the evidence
established the truth of the second or third pleas they
must find the issue taken thereon in favor of the defendant.
Such is the correct rule of practice regardless of the mate-
riality of the issue ; it must be found *according to the facts
in evidence.*" The pleas were immaterial, but the court
having been requested to charge the jury to find the facts
*upon those issues*, should have done so. The case in 7 Ala.,
457, is to the same effect, but in neither case is it said what
the judgment should have been upon such a verdict. But
in Cullum vs. Br. Bank, 4 Ala., 21, 39, the court gives the
rule. They say : "We do not question the right of the
defendant, even under such a state of defective pleading, to
require the court to instruct the jury to find a verdict on

the proper issue sustained by his proof, because, in that event, the plaintiff would be placed in a condition to extricate himself from the vicious plea by a motion to enter a judgment *non obstante veredicto.*" Stephen on Pl., 129.

We conceive that if the defendants in this case had asked the court to instruct the jury to find the issues in favor of the defendants upon the first and third pleas, and the court had so instructed the jury and the jury had so found, still upon the pleadings and the evidence it would have been the duty of the court to give judgment for the plaintiff *non obstante,* because the pleas were not substantial and did not warrant a judgment for the defendants, and it was not the duty of the court to direct a repleader, because, as is said in Tidd's Pr., 829, 831, that "if the plea contain a defective title or ground of defence, by which, if it is apparent to the court upon the defendant's own showing, that in any way of putting it he can have no merits, and the issue thereon be found for him, then, as the awarding a repleader could not mend the case, the court, for the sake of the plaintiff, will at once give judgment *non obstante veredicto.* But where the defect is not so much in the title as in the manner of stating it, and the issue joined thereon is immaterial, so that the court know not for whom to give judgment, then, for their own sake, they will award a repleader."

Here the defect of the defendants' pleading is not " in the manner of stating it," but it is apparent "that in any way of putting it he can have no merits," and there is no doubt upon the whole case that the court should give judgment for the plaintiff, and that a repleader would be fruitless.

We find no error in the judgment, and it is affirmed.