IN ERROR.
........
ALBANY,
April, 1815.

SOLOMONS
v.
M'KINSTRY.

LEVY SOLOMONS,   *Plaintiff in Error.*

    *against*

JOHN M'KINSTRY,   *Defendant in Error.*

An *award* or payment of a specific sum, by one party to the other, is final, and sufficient without a release.

Where an *umpire* awarded that the defendant should pay to the plaintiff a certain sum, with interest until paid, "as the plaintiff appeared to have a just claim on the defendant for that sum, or even more, if insisted on;" and, "that should any errors in addition or calculation of interest be found in the account, upon proof thereof being made by the defendant to the plaintiff, the plaintiff should immediately refund to the defendant the amount thereof," the award was held *final* and valid.

Where an umpire was chosen and appointed, *of and concerning the premises,* and it was stated that he took upon himself the burden of the umpirage, it is to be intended that he awarded concerning the subject matter submitted.

A WRIT of error was brought to reverse the judgment of the supreme court in this cause. For the facts in the case, and the judgment of the court below, see the S. C., reported in 2 *Johns. Rep.* p. 57—62.

THOMPSON, Ch. J., gave the reasons for the judgment of the court below, which were the same as those stated in the report of the case in that court.

The cause was argued by *Van Vechten,* for the plaintiff in error; and by *Woodworth,* for the defendant in error.

The counsel for the *plaintiff in error* cited *Kyd on Awards,* 206. 1 *Ld. Raym.* 246. 2 *Saund.* 62 a. 12 *Mod.* 129. 8 *Co.* 193. *Bascole's case,* 2 *Saund.* 61 n. 5. 1 *Caines,* 319. *Atk.* 644. 1 *Caines,* 363. *Kyd on Awards,* 252, 253. 1 *Roll. Ab.* 362. 2 *Co.* 192. *Cro. Jac.* 663.

The counsel for the *defendants in error* cited 1 *Burr. Rep.* 280. *Caines,* 319. 7 *Term Rep.* 73. 3 *Atk.* 644.

CANTINE, Senator. On the argument, two objections were urged against the judgment of the supreme court:

1st. That the award was not confined to the subject matter of the submission:

2d. That it was not final. With the latter objection, a want of mutuality in the award was in some measure mixed; but as that was not much relied upon, and as the opinion of the supreme court places that question on a footing which cannot be controverted, I shall confine my examination to the two questions stated.

The difficulty, in this case, does not arise from a difference of opinion respecting the principles on which awards are to be construed, but in the application of those principles; for, if the award is not confined to the subject matter of the submission, or is not final, it is void.

IN ERROR.
.......
ALBANY,
April, 1815.

SOLOMONS
v.
M'KINSTRY.

Upon this subject much confusion has arisen from two sources : 1st. From a difference between the extreme nicety formerly observed in the construction of awards, and the gradual relaxation which has taken place down to the present time ; and, 2dly. From the almost infinite variety of forms in which awards are made, arising necessarily from the circumstance that they are generally penned by persons not well versed in legal proceedings, and not unfrequently by those who are wholly unskilled in the construction of language ; and these causes present a difficulty that, probably, can never be entirely removed. There ever will be some uncertainty in the application of the general rules which govern the construction of awards.

From a careful examination, however, of the questions which, in this case, are presented for our decision, there appears to be fewer and less difficulties than I apprehended when I first heard the argument ; and I am entirely satisfied that the judgment of the supreme court is correct, and ought to be affirmed.

The submission, in this cause, was limited to the copartnership accounts of *Levy Solomons & Company ;* but the umpire, in his award, does not aver that his umpirage was made " of and upon the matters submitted ;" it is general, and awards " that *Solomons* shall pay *M'Kinstry* 423*l.* 19*s.* 4*d.*, as *M'Kinstry* appeared to have a just claim on *Solomons* for that sum, or more, if insisted upon." It is contended that here arises an uncertainty, from the award not being limited to the submission, which renders it void. If the rule, requiring that an award shall not go beyond the submission, is to be so strictly construed as to make it necessary that it should be averred, in terms, to be so limited, then this award would be clearly bad, because it may, from the comprehensiveness of its terms, embrace differences not submitted ; but the law does not require this extreme nicety. A more just and reasonable interpretation of the rule, one more consonant to common sense, and better calculated to promote the ends of justice, is, that where the words of an award are so comprehensive that they may take in matters not within the submission, yet it shall be presumed that nothing beyond it was awarded, unless the contrary be expressly shown ; and the correctness of this construction is fully established by *Kyd* in his *Treatise on Awards*, 170., and the authorities there cited ; and, also, in the case of *Hopper v. Hasket,* (1 *Keble,* 738.)

IN ERROR.
.......
ALBANY,
April, 1815.

SOLOMONS
v.
M'KINSTRY.

In *Ratcliffe* v. *Bishop*, (1 *Keble*, 865.,) it was expressly adjudged, that it was not necessary that an award should, in terms, purport to be "of and upon the premises;" that it was sufficient if, by the submission, it was provided, that it should be made "of and upon the premises;" for that, in such case, it must be intended that the award is limited to the submission, unless the contrary appear on the face of it. The submission, in this case, provides, expressly, that the award shall be, "*in and concerning the said matters in difference*," &c., in substance, the same as "of and concerning the premises;" and no mischief can arise from the adoption of this rule, because the party objecting has a right to show, by pleading, that matters out of the submission are embraced in the award. In the case of *Ingram* v. *Webb*, (1 *Roll. Rep.* 362.,) there was a submission of all suits and controversies between the parties, *respecting tythes* of "corn and hay in a certain parish;" the award was, that the defendant should pay the plaintiff 40*l.*, and that the plaintiff should permit all *suits* and controversies between them to cease. On a suit brought on the award, the plaintiff averred that there were not any other suits for tythes; the defendant rejoined, that there were other suits, but not concerning the tythes; the plaintiff had judgment, which was affirmed in the exchequer chamber, on the ground that the order, "that all suits should cease," should be confined to suits relating to tythes, as they only were within the submission.*

*  2 *Mod.* 309.
*Kyd* on. *Awards,* 371.

The award is said not to be final, because the umpire alleged that more was due than the sum awarded, if insisted on, and that *M'Kinstry*, therefore, was not bound by it; and that this award would not have been a good bar against a suit he might have brought on the original demands. It does not appear to me that this conclusion follows, necessarily, or that it is even a fair and rational one.

The award was not drawn with technical nicety, but with sufficient accuracy to communicate, distinctly, the intention and meaning of the umpire; the obvious interpretation is, that, from the evidence produced, he was satisfied that a greater sum was strictly due to *M'Kinstry* than what was awarded; but as *M'Kinstry* did not think proper to insist upon, or claim, the whole, he had, with his assent, given his award for a less sum. As the umpire had taken upon himself the umpirage, he was in duty bound to do exact justice between the parties; to award

less than he was conscientiously satisfied was due to *M'Kinstry*, without his assent, would have been palpably unjust; the fair, honest, and legal presumption is, that *M'Kinstry* consented to the reduction of the sum; he was, therefore, concluded by it, and it certainly cannot lie with *Solomons* to find fault. Another objection was urged against this award, on the ground that it was not final, which, on the argument, struck me as being serious; but, from subsequent reflection, I am convinced that it is as untenable as the others. The award provides, that should any errors in addition, or calculation of interest, be found in the account, upon proof of such errors being made by *Solomons* to *M'Kinstry*, the latter should immediately refund the amount thereof. It was said, that there were several modes of calculating interest, and that the adoption of the one or the other, would produce a very different result as to the amount. It is true that there are different modes, which may sometimes occasion a material variance. But the fair and rational presumption is, that the umpire adopted the mode recognised in the courts of justice in the country where the contract was made; and, at all events, as the parties had submitted their differences to arbitrament, they were concluded by the mode adopted by the umpire; by their submission, they constituted him as much their judge on that question as any other, and were as much bound by his decision as they would have been by the judgment of a court of law; the mode of calculating of interest was not, therefore, among the objects of revision and correction provided for by the award; the errors to be revised, were exclusively confined to mistakes which the umpire might have made in the multiplication or addition of figures. There was no part of the merits of the controversy left open, nor did the umpire delegate any portion of his power or authority to another. The sum due, the time for which it should bear interest, and the manner in which that interest was to be calculated, he had determined.

This case does not come within the reason of any of those where awards have been considered as void, in consequence of containing provisions for refunding a part of the sum awarded, under certain circumstances. These cases will all be found to apply, only where the sum to be refunded is part of the principal, and depending upon evidence, and, therefore, entering into the merits of the controversy; and not, as in the present case, which depends upon mere arithmetical calculation.

Suppose this part of the award had been left out, would it have varied the rights or remedies of either of the parties? In that case, if any errors had been discovered in the calculation, or addition of interest, *Solomons* would have been entitled to redress in a court of equity; but that court could not have interfered to correct any errors in judgment which the umpire might have committed. Does the award, as it stands, provide any mode of relief to *Solomons*, for errors in calculation, or addition of interest, other than by having recourse to a court of chancery? He could not have maintained an action at law on the award, until he had first proved that there were errors in the calculation, or addition, of interest; that is the condition on which alone he is entitled to call on *M'Kinstry* to refund. Proof means legal proof; and how could he produce legal proof of the existence of such errors, without first having resort to a court of equity? This part of the award is utterly useless, and might be stricken out without any prejudice whatever to either party; it is mere surplusage.

I am for affirming the judgment of the supreme court.

This being the opinion of the court, (*Bishop*, Senator, dissenting,) it was thereupon ORDERED and ADJUDGED, that the judgment of the supreme court be affirmed, and that the defendant in error receive his damages, by reason of the delay of execution, and their costs in this court; and that the record be remitted, &c.

Judgment affirmed.