### SARAH C. HAVEN *vs.* WINNISIMMET COMPANY.

If a matter in dispute is submitted to two persons, with authority in case of disagreement to choose a third person, the award of whom or a majority of whom, in case a third person shall be chosen, shall be final, and the two arbitrators, being unable to agree as to the amount of damages, appoint a third person " as umpire to act with us in the hearing and final decision thereof in the manner contemplated in said agreement," and the person so chosen, after a new hearing before all three of them, makes to the parties a written statement of his decision which shows that he arrived at it without consultation with the other arbitrators, and that he did not consider it to be his duty to fix independently the amount

of damages to be awarded, but only to determine which of the others had fixed the sum nearest in his judgment to justice and equity, and he accordingly unites with the arbi-trator who fixed the highest sum, and those two make an award of damages, by a separate paper, which does not show that the other arbitrator acted at all in the case, such award is void; although such third person declares his own opinion that the sum awarded is too small.

CONTRACT brought in this court upon an award. The dec-laration alleged that the plaintiff was executrix of the will of Nathaniel Haven, deceased; that said Nathaniel, through Charles Dupee his guardian, by his agreement in writing with the defendants, a copy whereof was annexed, referred the matters therein mentioned to arbitrators; and, in case of a disagreement, the said arbitrators were to choose a third person, the award of whom, or a greater part of whom, was to be final in the matter; that thereupon, after due notice, the parties appeared before the first named arbitrators, and after due hearing they, in a writing by them signed, a copy whereof was annexed, stated that they were unable to agree, and thereupon appointed Newell A. Thompson as umpire and arbitrator in the matter; of all which all parties had due notice; and thereupon said Thompson, as arbitrator and umpire as aforesaid, and said arbitrators, after due notice, heard all the parties; and said Thompson, as said umpire and arbitrator as aforesaid, then and there gave his de-cision, determination and award, in a writing by him signed, a copy of which was annexed; of all which all parties had due notice; and the majority of said arbitrators, including said Thompson as one of said arbitrators, after said due notice and said due hearing of all parties, by all of said arbitrators, gave their award and determination in writing, by them signed, a copy of which was annexed; all which was made known by said arbitrators to all parties; and thereafter said Nathaniel Haven died; and the plaintiff was thereafter duly appointed executrix as aforesaid, and gave due notice thereof, and made demand upon the defendants for the amount of said award and the interest thereon; but the defendants refused to pay the same.

The material portions of the submission were as follows:

" Know all men by these presents that the Winnisimmet

Company, a corporation, . . . . and Charles Dupee, . . . . guardian of Nathaniel Haven, . . . . have agreed to submit the claim of said Haven against said company for personal injuries suffered on board the ferry-boat of said company on the eighteenth day of September last, and all other demands between said ward and said company, to the determination of Henry Farwell . . . . and Joseph Breck, . . . . they in case of disagreement to choose a third person, the award of whom or a majority of whom, in case a third person shall be chosen, shall be final; and if either of the parties neglects to appear before the arbitrators after due notice given them of the time and place appointed for hearing the parties, the arbitrators may proceed in his absence."

The written statement of the above arbitrators of their inability to agree was as follows:

" The undersigned referees, appointed in the case of Charles Dupee, guardian of Nathaniel Haven, against the Winnisimmet Company, pursuant to the agreement hereto annexed, being ourselves unable to agree upon the facts and amount of damages to be awarded, do hereby appoint Newell A. Thompson, of Boston, as umpire in said case, to act with us in the hearing and final decision thereof, in the manner contemplated in the said agreement."

The written decision of Thompson, referred to in the declaration, was very voluminous, but the following statement of it will show all that is now material:

It commenced by reciting the proceedings in the case to the time of his appointment, and then proceeded as follows: " The undersigned, being the third person or umpire chosen as above, was unwilling to act in a case of so much importance without personally hearing the several parties and their witnesses. Accordingly a new hearing was ordered, and on Monday, September 22, 1862, the parties met for that purpose at the office of the Boston Water Power Company in Boston, both referees and the umpire being present." The grounds relied upon by the plaintiff and the defendants, respectively, together with their witnesses, were then mentioned, after which the statement continued

" Now the undersigned, the umpire appointed as aforesaid, hav
ing fully and carefully considered the grounds upon which the
plaintiff's claim for damages is founded, the defendants' points
of defence, and all the testimony offered by both parties, begs
leave to submit the following as his decision and award in the
case, and the reasons upon which his decision is based." The
points which seemed to be involved were then given; and in
reference to all of them, as well as to the testimony in the case,
which was recited at great length, his opinion was expressed, it
being frequently spoken of as " the opinion of the undersigned;"
and throughout the statement his own opinion was referred to,
without any mention of any consultation with the other arbi-
trators, or of any opinion which either of them had arrived at,
upon the second hearing of the case. The statement then pro-
ceeded to say : " Under these circumstances, therefore, the under-
signed feels compelled. to declare that, in his opinion, the defect
or imperfect working of the bell-apparatus ; the failure of those
whose duty it was to look after and guard against such defects
or imperfections, and to make the proper examinations for that
purpose ; the placing of an incompetent steersman at the wheel
and leaving him alone there to do the duty which none but
pilots of experience should be permitted to undertake; and the
unnecessary absence of Capt. Reed from the wheel-house at the
time of the accident, he having assumed the position he did as
the acting and responsible pilot in the absence of the regular
pilot; clearly show such a degree of inexcusable carelessness
and negligence on the part of the defendant company, its agents
or servants, as to render the said company liable for all damages
arising from accident caused by such carelessness or negligence."
Then, after speaking of the rule of damages, and the plaintiff's
condition, the statement continued thus : " The undersigned,
however, does not consider that, by the terms of the agreement
by which the parties submitted this case to him as umpire, he
has himself any authority to fix the amount of damages to be
awarded, but that his duty is only, after a full hearing and due
consideration of the case, to determine which of the two referees
have fixed upon the sum nearest, in his judgment, to justice

and equity. The referee selected by the defendants fixes the amount of damages at the sum of six hundred dollars, thereby recognizing and admitting two principal features in the case, that the plaintiff's ward did sustain injuries by reason of the accident, and that the defendants are liable for such injuries to a certain extent. If they are liable for any part of the injury they caused the plaintiff's ward to suffer, by reason of their own carelessness or negligence, or that of their servants or agents, they must be liable for the whole. Is, then, six hundred dollars, under all the circumstances shown in this case, a sufficient compensation for injuries, past and prospective, sustained by Mr. Haven? Is it a sufficient sum to compensate him for actual expenses, loss of time, loss of capacity to earn money, or as a reasonable solace or satisfaction for loss of bodily and mental powers, and pain of body and mind, which were the immediate and necessary consequences of the injuries sustained? Is it reasonably commensurate with the injuries, so far as can be discovered or known? Clearly not. The undersigned is therefore compelled to unite with the referee selected by the plaintiff, who has fixed the amount of damages to be awarded at the sum of three thousand dollars; and in doing this he feels bound to say that if the sum had been fixed still higher by the plaintiff's referee, even to the full amount claimed by the plaintiff, the umpire could not have hesitated in that case to decide in favor of the plaintiff, fully believing as he does that such increased amount could not and would not be considered, by any disinterested persons who should carefully examine into the case, as either vindictive or speculative damages, or a greater compensation, all things considered, than is reasonably commensurate with the injuries sustained by Mr. Haven, by reason of the inexcusable carelessness or negligence of the agents and servants of the defendants. For these reasons, and with these expressions of his opinion in the case, the undersigned, as umpire, agrees to the subjoined award."

The material portions of the award referred to, which was signed only by Breck as referee, and Thompson as umpire, were as follows:

" We, Joseph Breck, one of the referees chosen by the parties above named, under and by virtue of their written agreement hereunto annexed, and Newell A. Thompson, the umpire selected by the two referees in the case, pursuant to the provisions of said agreement, we two constituting a majority of those to whom the said case has been submitted for final adjustment, having heard all the evidence in the case, and fully considered the facts and circumstances connected therewith, as well as the rights of the respective parties, do hereby agree upon the following as our award in the premises, viz.: We do award that the said Winnisimmet Company shall pay to the said Charles Dupee, guardian, for the use of the said Nathaniel Haven, the sum of three thousand dollars, with interest thereon from and after the date of the commencement of this suit."

The award also provided that the defendants should pay all the costs.

The answer, amongst other things, alleged that the award was void, because Thompson did not exercise his own judgment in determining the amount of it, but only determined which of the sums fixed upon by each of the other arbitrators was nearer in his judgment to justice and equity.

The case was reserved by the chief justice upon these pleadings and papers for the determination of the whole court.

*G. A. Somerby,* for the plaintiff. The objection of the defendants assumes the agreement to submit the matter to arbitration, the selection of two arbitrators, a hearing by them and a disagreement as to the amount of the award, and the selection by them of Thompson as the umpire or third person named in the agreement to refer, to act with them. The record does not support the objection that is made. The award signed by Breck and Thompson in terms set forth that they agreed upon the amount therein named as their award. The particular reasons of Thompson, as set forth in the other paper signed by him, do not vary the award. Perhaps, after a disagreement of Breck and Farwell as arbitrators, it was well enough for him to state the reasons of his judgment; but the award is not thereby varied. *White* v. *Sharp,* 12 M. & W. 712.

Thompson was not a legal umpire. An umpire is one who takes upon himself alone the decision, after arbitrators have disagreed. Calling him an umpire does not make him one. The paper appointing him shows that he was to act in the manner contemplated in the agreement of submission; that is, clearly, as an arbitrator. Thompson's paper shows that he called himself " the third person or umpire chosen as above," and that " both referees and the umpire " were present at the second hearing. Taking this paper all together, does it not show that they acted together? Now this paper of Thompson's must be treated either as a part of the award, or as not a part of it. It is conceded, as the defendants contend, that it is to be considered as a part of the award ; but if so, it shows that all the arbitrators acted. They were all present, and there was a rehearing before them.

The only question was as to the amount of damages. A.. of the arbitrators agreed that some damages should be given. Each arbitrator, if left to his own judgment, had a different opinion as to the proper amount. This is always so. No two minds agree. Somebody must always give up. In this case, Thompson would have given more ; but he says he will agree with Breck upon a smaller sum than he should have fixed himself. How are the defendants hurt by this ? It does not appear that the arbitrators did not all consult together. It cannot be inferred that they did not from the statement that Thompson agreed with Breck.

*P. W. Chandler & J. B. Thayer,* for the defendants. The arbitrators acted throughout on the opinion that Thompson was an umpire. But the two arbitrators had no authority to appoint an umpire. *Lyon* v. *Blossom,* 4 Duer R. 318. *Little* v. *Newton,* 2 Man. & Gr. 351. Arbitrators must attend all the hearings and determine the matter after joint consultation. *Maynard* v. *Frederick,* 7 Cush. 247. *Short* v. *Pratt,* 6 Mass. 496. *In re Pering,* 3 Ad. & El. 245. But an umpire must decide on his own judgment alone. *Lyon* v. *Blossom, ubi supra. Soulsby* v. *Hodgson,* 3 Burr. 1474. *Tunno* v. *Bird,* 5 B. & Ad. 488. *Bates* v. *Cooke,* 9 B. & C. 407. Thompson's separate paper must be

taken as a part of the award. *Kent* v. *Elstob*, 3 East, 18, 20 This paper shows conclusively that Thompson acted as umpire while the award shows that only Thompson and Breck consulted together. Nobody but Breck was satisfied with the sum awarded. See *Whitmore* v. *Smith*, 5 Hurlst. & Norm. 824, 830. If Thompson's paper is excluded, there is nothing to show that the other arbitrator acted. It is indispensable that this should appear. *Short* v. *Pratt*, 6 Mass. 496. *Bigelow* v. *Newell*, 10 Pick. 354. *Deerfield* v. *Arms*, 20 Pick. 484. *Sperry* v. *Ricker*, 4 Allen, 17. It is trifling to say that all were acting because all were in the same room.

BIGELOW, C. J. It is impossible to maintain this award. It cannot be supported either as an award of arbitrators or as the award of an umpire.

In the first place, the parties did not agree to submit the subject matter of difference between them to the determination of an umpire, in case of a failure to agree by the arbitrators named in the submission. An umpire is a person whom two arbitrators, appointed and duly authorized by parties, select to decide the matter in controversy, concerning which the arbitrators are unable to agree. His province is to determine the issue submitted to the arbitrators on which they have failed to agree, and to make an award thereon which is his sole award. Neither of the original arbitrators is required to join in the award in order to make it valid and binding on the parties. In the absence of any agreement or assent by the parties to the controversy, dispensing with a full hearing by the umpire, it is his duty to hear the whole case, and to make a distinct and independent award thereon, as the result of his judgment. He stands in fact in the same situation as a sole arbitrator, and he is bound to hear and determine the case in like manner as if it had been originally submitted to his determination. Watson on Arbit. (3d ed.) 100. *M'Kinstry* v. *Solomons*, 2 Johns. 57. *S. C.* 13 Johns. 27. *Bates* v. *Cooke*, 9 B. & C. 407. *Salkeld* v. *Slater*, 12 Ad. & El. 767. *Passmore* v. *Pettit*, 4 Dall. 271.

By the terms of the submission in the present case, it is clear that the parties did not intend that the arbitrators whom they

appointed should select an umpire. The agreement is explicit that in case of disagreement by the arbitrators they should appoint a third person. and that the award of the majority of the three should be final. This excludes the power of appointing an umpire, whose sole award was to be valid and binding, and necessarily implies that the third person to be selected in case of disagreement was to be a third arbitrator, whose power is expressly limited to making an award in conjunction with the other two, or one of them.

There can be no doubt, therefore, that the arbitrators mistook their authority in appointing a third person to act as umpire. No such power was delegated to them by the submission. But this error might not have been fatal to the award, if it had appeared that the third person whom the arbitrators selected as umpire had in fact acted with them in hearing and deciding the case, exercising a free and independent judgment, and uniting with one of them in the award. It appears, however, that he entirely misunderstood the authority which was vested in him by the appointment under which he acted, and that he did not take on himself the performance of the functions either of an arbitrator or an umpire. In either capacity, it was his clear duty to hear the evidence adduced by both parties, and their respective allegations and arguments, and thereupon, acting fairly and impartially, to form his own independent judgment on the case before him. This he did not do. On one of the main issues involved in the controversy between the parties which formed the subject matter of the submission, it is shown that he studiously refrained from acting on his own opinion of the merits of the case. His own statement puts this fact beyond dispute. He says that he did not consider "that by the terms of the agreement by which the parties submitted this case to him as umpire, he has himself any authority to fix the amount of damage to be awarded, but that his duty is only, after a full hearing and due consideration. of the case, to determine which of the two referees have fixed upon the sum nearest, in his judgment, to justice and equity." And then, after assigning reasons for his conclusion, he adds: " The undersigned is

therefore compelled to unite with the referee selected by the plaintiff, who has fixed the amount of damages to be awarded at the sum of three thousand dollars." From this language it is apparent that he mistook the capacity in which he was alone authorized to act under the submission, and also that he entirely misconceived the duty which devolved on him, acting either as an umpire or as an arbitrator. It was in the latter capacity only that he had authority to act. But he did not exercise the authority. Not only is it clear that the amount of damages awarded is not the sum which he would have given, if he had supposed he was authorized to allow a different amount, but it is also manifest that he did not enter into consultation with the other arbitrators concerning the facts of the case, nor permit himself to exercise his own independent judgment, either in consulting with them or in making up his award. Besides; the inference is unavoidable, from his statement, that he did not suppose that he was authorized to enter into a general examination of all the facts involved in the issue, and to form a judgment on the question of the liability of the defendants to pay any damages to the plaintiff's testator, but that he felt constrained by the terms of his appointment to confine himself to the amount of damages which the plaintiff was entitled to recover.

The insuperable difficulty, therefore, in the way of maintaining an action on this award, is not only that it appears that the third person selected by the parties exceeded his authority under the submission by acting as umpire, but that he wholly failed properly to discharge the functions of arbitrator. The award cannot be regarded as being valid on the ground that he acted in the latter capacity, because he did not consult with the other two arbitrators on the whole case, nor did he pass on all the questions at issue between the parties, or exercise his own independent judgment on the matter concerning which he undertook to make an award. It is impossible for any one now to say what his opinion or judgment would have been if he had acted as arbitrator, and had duly considered the whole case in consultation with the other arbitrators.

It is true that he says he should have been willing to allow a greater sum in damages than is given by the award, if the arbitrator appointed by the plaintiff had fixed on a higher sum. But this affords no argument in support of the award, because it cannot now be known that such would have been his opinion and judgment if he had formed it fairly and impartially, after due deliberation and consultation with the other two arbitrators, with both of whom he was authorized and bound to act in arriving at a conclusion on the case submitted.

*Judgment for the defendants.*